RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Lead Deputy Attorney General
GADER WREN, ISB #12108
Deputy Attorney General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov
gader.wren@ag.idaho.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO ORGANIZATION OF RESOURCE COUNCILS; THE ALLIANCE OF IDAHO; A.M.R.; L.M.C; M.S.; W.G.C.; and J.R.B.M.,<br><br>*Plaintiffs*,<br><br>v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00178-AKB<br><br>**RESPONSE TO PLAINTIFFS' MOTION FOR PROVISIONAL CLASS CERTIFICATIONS [DKT. 3]** |

**INTRODUCTION**

Just days ago, Idaho enacted the Immigration Cooperation and Enforcement Act (the "ICE Act"). Consistent with federal law, the ICE Act, specifically Idaho Code §§ 18-9003, 9004 (the "challenged provisions"), makes it a state crime for aliens to illegally enter or reenter the state of Idaho. Plaintiffs have filed a motion for provisional class certification, seeking provisional certifications of two classes: "The Entry Class" and the "The Reentry Class"—the former challenging Idaho Code § 18-9003 and the latter challenging Idaho Code § 18-9004. Because these classes, as defined, include individuals who have not been harmed by the challenged provisions and because Plaintiffs have failed to present sufficient evidence that the Rule 23(a) factors are met, the Court should deny the motion.

The motion should also be denied because any class satisfying the class certification requirements would be comprised of illegal aliens with unclean hands relating to the challenge at issue in this lawsuit. Those with unclean hands are barred from obtaining equitable relief. This is especially the case here, as any grant of equitable relief would transform this Court into a law evasion vehicle facilitating the Plaintiffs' ongoing violation of federal immigration laws.

For these reasons, the motion for provisional class certifications should be denied.

**LEGAL STANDARD**

A plaintiff that seeks provisional class certification must meet the same requirements as if he were seeking class certification. *See, e.g., Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012). A plaintiff seeking class certification must satisfy the four requirements of Rule 23(a): "numerosity, commonality, typicality, and adequate representation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Additionally, "the

proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Id.* at 345. Rule 23(b)(2), cited by Plaintiffs, "applies when 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Id.* at 345–46 (quoting Fed. R. Civ. P. 23(b)(2)).

Numerosity requires a showing that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Commonality requires a showing that claims "depend upon a common contention" that "is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. Typicality requires a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This tests whether "other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). And adequacy requires a showing that the class representative is part of the class and "'possess[es] the same interest and suffer[s] the same injury' as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) (citation omitted).

The Rule 23 requirements are not "mere pleading" requirements; the plaintiff must "affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350. And the district court must conduct a "rigorous analysis" of the

Rule 23 requirements, which may include some consideration of "the merits of the plaintiff's underlying claim." *Id.* at 351 (citations omitted).

## ARGUMENT

### I. Plaintiffs fail to meet essential factors under Rule 23(a).

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979). "In order to justify departure from that rule, 'a class representative must be part of the class and possess the same interest and suffer the same injury as her fellow class members.'" *James v. Uber Techs. Inc.*, 338 F.R.D. 123, 129 (quoting *Dukes*, 564 U.S. at 348–49) (brackets omitted). "The [Supreme Court] requires district courts to engage in a *'rigorous analysis'* of each Rule 23(a) factor when determining" if plaintiffs seeking class certification have met their burden. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011) (quoting *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982) (emphasis added)). "A plaintiff seeking class certification bears the burden of affirmatively demonstrating through *evidentiary proof* that the class meets the prerequisites of Rule 23(a)." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1003–04 (9th Cir. 2018) (internal quotation marks omitted) (emphasis added) (citation omitted).

Here, Plaintiffs must show "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." F.R.C.P. 23(a). Plaintiffs must further show that the Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole." *Dukes*, 564 U.S. at 345–46 (cleaned up). Plaintiffs cannot meet these requirements. Accordingly, provisional class certification should be denied.

    **A.  Prospective Class Members Lack a Common Question of Law and Fact.**

Commonality requires "a plaintiff to show that there are questions of law or fact common to the class." *Dukes*, 564 U.S. at 349. And while this requirement may appear easy to satisfy, it is not. *See id.* "Commonality requires the plaintiff to demonstrate that the class members *have suffered* the same injury." *Id.* at 349–50 (cleaned up) (emphasis added and citation omitted). "This does not mean merely that they have all suffered a violation of the same provision of law." *Id.* at 350. Rather, "[t]heir claims must depend upon a common contention." *Id.* And that common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Furthermore, when "a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022) (citation omitted).

Here, Plaintiffs do not even allege, let alone show, that the prospective members of the proposed classes *have* suffered the same injury; rather, Plaintiffs only assert that the prospective class members are "potentially" subject to the challenged provisions. Dkt. 4-1 at 2. This is not enough. "Commonality requires . . . that the class members *have suffered the same injury*." *Dukes*, 564 U.S. 349–50 (emphasis added).

Post-*Dukes*, the Ninth Circuit has signaled that class certification is permitted where each member of the class has a "common significant risk of an imminent" harm. *B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 976 (9th Cir. 2019) (internal quotation marks omitted) (citing *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 949 (9th Cir. 2002). But Plaintiffs cannot even meet this more lenient requirement.

Plaintiffs have defined "The Entry Class" as "[a]ll noncitizens who may now or in the future enter or attempt to enter the state of Idaho at any location other than a lawful port of entry or through another manner of lawful entry." Dkt. 1 ¶ 79. Plaintiffs have similarly defined "The Reentry Class as "[a]ll noncitizens who may enter, attempt to enter, or be found in the state of Idaho after the person has been denied admission to or excluded, deported, or removed from the United States; or has departed from the United States while an order of exclusion, deportation, or removal was outstanding." *Id.* These definitions do not satisfy commonality because, as defined, the class would include many members who are not at "significant risk of an imminent" harm.

Under the challenged provisions law enforcement officers do not have authority to enforce the Act unless a person "is detained or investigated for suspected commission of an independent crime under title 18, Idaho Code, excluding this chapter, or under chapter 27, title 37, Idaho Code." Idaho Code § 18-9003(3); 18-9004(4). Title 18 is where many crimes in Idaho are codified, and Chapter 27 of title 37 is the Uniform Controlled Substances Act. Thus, only aliens who will be detained or investigated for suspected commission of an independent crime under title 18 or chapter 27 of title 37 could be at some risk of injury. Plaintiffs have not shown that each prospective member of the proposed classes will imminently engage in

actions that would subject them to an investigation or detention for a crime under the aforementioned statutes. As a result, the proposed classes are improper and do not meet the commonality requirement because they include individuals who are not at significant risk of an imminent harm.

Plaintiffs have not shown that each prospective member of the classes has suffered a common injury. And the proposed classes improperly include individuals not at significant risk of suffering harm. Accordingly, provisional class certifications should be denied.

### B. The Typicality Requirement is not Met Because the Challenged Provisions do not Pose a Significant Risk of Harm to the Proposed Class Representatives.

For many of the same reasons that Plaintiffs' proposed classes fail on commonality grounds, they also fail on typicality grounds. While "[t]he commonality and typicality requirements of Rule 23(a) tend to merge," *Falcon*, 457 U.S. at 157–58, n.13, "[t]he purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class," *Hanon*, 976 F.2d at 508 (citation omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (internal quotation marks omitted).

Here, Plaintiffs propose that L.M.C., W.G.C., M.S., A.M.R., and J.R.B.M. be designated as the class representatives. But these individuals do not have an injury typical of the classes as defined by Plaintiff. This is because the challenged provisions do not pose a "significant risk of an imminent" harm to the proposed class representatives. *B.K.*, 922 F.3d at 976 (internal quotation marks omitted). Plaintiffs A.M.R., L.M.C., and M.S. assert by declaration that they fear arrest because they could be pulled over for traffic violations. Dkts. 3-4 ¶ 9, 3-5 ¶ 9, 3-6

¶ 11. But traffic violations are found in title 49 of the Idaho Code, and an investigation for a traffic violation would not allow an Idaho law enforcement official to enforce Idaho Code §§ 18-9003 or 9004.[1]

And W.G.C. and J.R.B.M. assert by declaration that they fear arrest because they could be pulled over and investigated for "possible crimes." Dkts. 3-7 ¶ 7, 3-8 ¶ 9. But these subjective fears do not mean that they are at "significant risk of an imminent" harm, especially given their lack of details as to what "crime" they fear they could be investigated for. Given the context, these "crimes" could merely be a traffic violation in title 49, which is not sufficient to trigger a law enforcement officer's enforcement authority under Idaho Code §§ 18-9003 and 9004. If an individual could simply subjectively fear their way into a class action, the purposes of class actions would be frustrated. Further, just as a court cannot assume that parties will engage in illegal conduct to find standing, *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974), so too this Court should not assume that the proposed class representatives will engage in illegal activity to satisfy the typicality requirement.

Plaintiffs also propose that the Idaho Organization of Resource Councils ("IORC") serve as a class representative. Plaintiffs argue, citing no binding authority, that organizations

---

[1] To be clear, an investigatory stop, as Plaintiffs claim to fear from driving in Idaho, *see, e.g.,* Dkts. 3-4 ¶9, 3-5 ¶9, 3-6 ¶ 11, 3-7 ¶¶ 6-8, 3-8 ¶¶ 8-9, even for a suspected traffic violation, requires reasonable suspicion that a person has committed, or is about to commit, a crime. *E.g., State v. Perez*, 164 Idaho 626, 434 P.3d 801 (2019) (considering whether an officer had reasonable suspicion to stop a driver for alleged reckless driving). That's why Defendant noted in the context of Plaintiffs' alleged conduct—driving in the State of Idaho—that the feared investigatory stops must be predicated upon reasonable suspicion. *Compare* Dkt. 36 at 5 *with* Dkt. 40 at 3 (misinterpreting Defendant's argument). As Defendant noted, the ICE Act only permits law enforcement officers to enforce the Act when a person "is detained or investigated for suspected commission of an independent crime under title 18, Idaho Code, excluding this chapter, or under chapter 27, title 37, Idaho Code." Idaho Code §§ 18-9003(3), 18-9004(4).

regularly serve as class representatives. Dkt. 4-1 at 18–19. But the Supreme Court has clarified that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Dukes*, 564 U.S. at 348–49. And here, as a non-alien, IORC is at no risk, let alone "significant risk" of harm under the challenged provisions. Therefore, IORC does not have an injury that is typical of the classes.

### C. The Proposed Representative Plaintiffs Cannot Fairly and Adequately Protect the Interests of the Class.

The proposed class representatives cannot fairly and adequately protect the interests of the class because they have no injury nor are they at significant risk of injury. No facts have been alleged or shown that the proposed class representatives have sustained any injury. And, as indicated above, Plaintiffs have not alleged or shown that the challenged provisions present a significant risk of imminent harm to the proposed class representatives. Accordingly, provisional class certifications should be denied.

### D. No Competent Evidence Suggests that the Numerosity Requirement is Met.

Plaintiffs do not offer competent evidence on the numerosity element of class certification. Plaintiffs must show some evidence of or reasonably estimate the number of class members. *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 681 (S.D. Cal. 1999) "[M]ere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)." Charles Alan Wright and Arthur R. Miller, 7A Fed. Prac. & Proc. Civ. § 1762 (4th ed. 2024); *see also Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 357 (3d Cir. 2013) ("Mere speculation as to the number of class members—even if such speculation is 'a bet worth making'—cannot support a finding of numerosity.")

Here, Plaintiffs rely on studies suggesting that there are approximately 40,000 illegal aliens in the state of Idaho. Dkt. 4-1 at 10–11, 13. They argue that relying on these numbers makes sense because "[t]he Reentry Class would include all noncitizens within the state or who may enter or attempt to enter the state with a prior deportation or removal proceeding." Dkt. 4-1 at 12. But this argument misstates the law and impermissibly seeks to convince the Court that the law applies to tens of thousands of people that the law does not apply to. *See also id.* at 9 (the challenged provisions have "the potential to affect tens of thousands of noncitizens") Dkt. 1 at 18 ("hundreds if not thousands of noncitizens will be subject to arrest, detention and prosecution under [challenged provisions]"); *id.* at 3 (the challenged provisions "give Idaho state and local officials unprecedented power to arrest, detain, and prosecute noncitizens").

First, Idaho Code §§ 18-9003 and 9004 do not apply to "noncitizens." The laws only apply to "aliens," a defined term of art that excludes some noncitizens. As the Court is aware, all "aliens" are noncitizens, but not all "noncitizens" are aliens. Thus, it is legally inaccurate to argue that the law applies to all "noncitizens."

Second, the law does not even apply to all aliens, but only those who are investigated or detained for investigation of some independent crime under title 18 of the Idaho Code or the Uniform Controlled Substances Act. Plaintiffs at no point offer evidence to show how many aliens within the State of Idaho are investigated or detained for independent crimes under title 18 or the Uniform Controlled Substances Act, and who would be subject to these new laws. Indeed, untold number of aliens within Idaho's borders are never investigated or detained for criminal conduct.

With no evidence suggesting the number of aliens within the state of Idaho who are investigated or detained for independent crimes under title 18 or the Uniform Controlled Substances Act it cannot be said that the numerosity requirement is met. Plaintiffs' misstatements as to who the law applies to, and speculation based upon those misstatements, is not sufficient evidence to meet the numerosity requirement. Accordingly, class certifications should be denied.

## II. The Proposed Classes Cannot Obtain Certification Because the Class Members are not Entitled to Equitable Relief.

Plaintiffs seek class certifications under Rule 23(b)(2) for injunctive and declaratory relief. However, any proper member of a class opposing the challenged provisions would be barred from obtaining the requested relief under the unclean hands doctrine. This doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). Specially, the doctrine prevents a plaintiff from obtaining relief when "he dirtied [his hand] in acquiring the right he now asserts . . . ." *Adler v. Fed. Republic of Nigeria*, 219 F.3d 869, 876-77 (9th Cir. 2000).

Here, even if Plaintiffs had properly defined classes, they could not obtain class certifications for the purpose of obtaining equitable relief, which includes both injunctive and declaratory relief. *N. E. Med. Servs., Inc. v. State of California Dep't of Health*, 670 F. App'x 615, 615–16 (9th Cir. 2016) (affirming a denial of injunctive and declaratory relief based on the unclean hands doctrine). After entering or reentering the country illegally, Dkt. 1 at ¶¶ 25-29, Individual Plaintiffs assert that they are vested with a constitutional interest based upon that

violation of federal law (and which is a critical component of their class definitions) that gives rise to their claim for equitable relief, Dkt. 40 at 4. And that is true of every prospective member of the proposed classes. This is the precise fact pattern contemplated by the unclean hands doctrine. Plaintiffs simply seek to use this Court as a "vehicle for their continued unlawful presence in this country." *Nat'l Coal. of Latino Clergy, Inc. v. Henry*, No. 07-CV-613-JHP, 2007 WL 4390650, at *9 (N.D. Okla. Dec. 12, 2007). And for the Court to acquiesce to such a request would defy all equitable principles. *See id.*

Furthermore, only those who are in active violation of law are at risk of injury. This is because for the challenged provisions to pose an imminent and significant risk of harm to any individual, that individual would need to be an illegal alien in active violation of federal immigration law who will imminently be investigated or detained for a crime under Idaho Code title 18 or a crime under the Uniform Controlled Substances Act. The only individuals who fit this description are those with unclean hands. Accordingly, class certifications should be denied.[2]

### III. The Proposed Classes are too Broad to be Certified.

Even if Plaintiffs could fulfill the requirements under Rule 23(a) and avoid the unclean hands doctrine, the provisional class certifications cannot be granted because the proposed classes are too broadly defined. Rule 23(b)(2), requires that an "injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360. But the proposed classes includes those who are not subject to the challenged provisions.

---

[2] The public interest also supports the application of the unclean hands doctrine. *Cf. Maryland v. King*, 567 U.S. 1301, 1303 (2012).

The Plaintiffs define the classes one way in paragraph 79 of the Complaint, but differently in their briefing. In their Complaint, Plaintiffs' definitions include "noncitizens" as members of both the entry and the reentry class. *See* Dkt. 1 ¶ 79. In their briefing, however, Plaintiffs' definition is narrowed to only include "any person not a citizen or national of the United States," or, in other words an "alien." *See* Dkt. 4-1. As mentioned above, Idaho Code §§ 18-9003 and 9004 only apply to aliens, which is only a subset of the definition of "noncitizens."

Courts within the Ninth Circuit have different approaches for handling class definitions that differ between the complaint and the motion to certify the class, with some courts requiring the plaintiff to first amend the complaint,[3] while other courts permit a narrowing of the class without an amendment,[4] and still others permit modifications only if the proposed modifications are minor, require no additional discovery, and cause no prejudice to defendants.[5] Regardless of what approach this court chooses, even the narrower proposed class definitions contained in the Plaintiffs' briefing are not sufficient.

---

[3] *Douglas v. Bank of Am., N.A.*, No. C20-0193JLR, 2020 WL 3888262, at *7 (W.D. Wash. Nov. 19, 2020) (citing *Grodzitsky v. Am. Honda Motor Co., Inc.,* No. 2:12-cv-01142-SVW-PLAx, 2014 WL 718431, at *4 (C.D. Cal. Feb. 19, 2014)); *Rivera v. Invitation Homes, Inc.*, No. 18-cv-03158-JSW, 2022 WL 504161, at *3 (N.D. Cal. Feb. 18, 2022).

[4] *Douglas*, 2020 WL 3888262, at *7 (citing *Abdeljalil v. Gen. Elec. Capital Corp.*, 306 F.R.D. 303, 306 (S.D. Cal. 2015); *Knutson v. Schwan's Home Servs., Inc.*, No. 3:12-cv-0964-GPC-DHB, 2013 WL 4774763, at *10–13 (S.D. Cal. Sept. 5, 2013)).

[5] *Douglas*, 2020 WL 3888262, at *7 (quoting *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590–91 (N.D. Cal. 2010)); also citing *J.L. v. Cissna*, No. 18-CV-04914-NC, 2019 WL 415579, at *5 (N.D. Cal. Feb. 1, 2019)).

Because Plaintiffs have defined their classes in a way that includes individuals who are not governed by the law at all, significant members of the proposed classes would therefore not obtain any relief if injunctive or declaratory relief were granted.

*First*, both proposed classes, whether using the definition in the complaint or the narrower definition in the briefing, include within their definitions those who will never be investigated or detained for an independent crime, and thus will never be subject to the enforcement of Idaho Code §§ 18-9003 or 9004. This means substantial numbers of the class members, if not a substantial majority of the members of the proposed classes, will never be at a "significant risk of an imminent" injury by the challenged provisions, *B.K.*, 922 F.3d at 976, because they will never be investigated or detained for any independent crime under title 18 or the Uniform Controlled Substances Act.

*Second*, as has been discussed above, the law only applies to aliens. Plaintiffs' proposed classes, as defined in paragraph 79 of the Complaint, include all "noncitizens." But that then includes a substantial number of noncitizen U.S. nationals who are not aliens, and therefore not subject to the provisions of Idaho Code §§ 18-9003 and 9004.

Because the proposed class definitions include thousands of individuals who are not subject to the law, the proposed injunctive or declaratory relief would not provide relief to every member of the class, and the Court should therefore deny the motion for provisional class certification.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion for provisional class certifications.

DATED: April 8, 2025

                                           STATE OF IDAHO
                                           OFFICE OF THE ATTORNEY GENERAL

                                           /s/ *James E. M. Craig*
                                           JAMES E. M. CRAIG
                                           Chief, Civil Litigation and
                                           Constitutional Defense

                                           *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on April 8, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Cody Wofsy<br>cwofsy@aclu.com | Spencer Amdur*<br>samdur@aclu.org |
| Paul Carlos Southwick<br>psouthwick@acluidaho.org | Hannah Steinberg*<br>hsteinberg@aclu.org |
| Emily Myrei Croston<br>ecroston@acluidaho.org | Oscar Sarabia Roman*<br>osarabia@aclu.org |
| Grace Choi*<br>gchoi@aclu.org | Omar Jadwat*<br>ojadwat@aclu.org |
| *Attorneys for Plaintiffs* | *\* pro hac vice* |

/s/ *James E. M. Craig*
JAMES E. M. CRAIG