RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Lead Deputy Attorney General
GADER WREN, ISB #12108
Deputy Attorney General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov
gader.wren@ag.idaho.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO ORGANIZATION OF RE-SOURCE COUNCILS; THE ALLI-ANCE OF IDAHO; A.M.R.; L.M.C; M.S.; W.G.C.; and J.R.B.M., <br><br> *Plaintiffs*, <br><br> v. <br><br> RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00178-AKB <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(1) AND RULE 12(b)(6) [DKT. 47]** |

## INTRODUCTION

When a plaintiff lacks standing, the court is without jurisdiction to reach the merits of the case. This requirement is indispensable. This is because the Constitution only permits Article III courts to exercise jurisdiction when a case presents a live controversy.

Just hours after the passage of the ICE act, Plaintiffs filed the instant lawsuit. Dkt. 1. But Plaintiffs' suit is premature. In this pre-enforcement context, Plaintiffs have failed to allege that there is a credible threat of enforcement of the statutes against them, and have failed to state a claim. Further, where Defendants[1] have affirmatively declared that Plaintiffs are not subject to prosecution under the Entry or Reentry provisions (collectively the "challenged provisions"), Idaho Code §§ 18-9003, 9004, there is no live controversy. The Court should therefore grant the motion to dismiss.

## BACKGROUND

Hours after the passage of the ICE act, Plaintiffs filed suit against the Attorney General and thirteen Idaho County Prosecutors ("Original Defendants"). Dkt. 1. Plaintiffs include five

---

[1] This motion to dismiss is being filed on behalf of the following county prosecuting attorneys: Adams County Prosecutor Peter Donovan, Bannock County Prosecutor Ian Johnson, Bear Lake County Prosecutor Adam McKenzie, Benewah County Prosecutor Mariah Dunham, Bingham County Prosecutor Ryan Jolley, Boise County Prosecutor Alex Sosa, Bonner County Prosecutor Louis Marshall, Bonneville County Prosecutor Randy Neal, Boundary County Prosecutor Andrakay Pluid, Butte County Prosecutor Steve Stephens, Camas County Prosecutor Jim Thomas, Caribou County Prosecutor Doug Wood, Clearwater County Prosecutor Clayne Tyler, Custer County Prosecutor Paul Rogers, Franklin County Prosecutor Vic Pearson Fremont County Prosecutor Lindsey Blake, Gem County Prosecutor Erick Thomson, Gooding and Lincoln County Prosecutor Trevor Misseldine, Idaho County Prosecutor Kirk MacGregor, Jefferson County Prosecutor Paul Butikofer, Latah County Prosecutor Bill Thompson, Lewis County Prosecutor Zachary Pall, Madison County Prosecutor Rob Wood, Minidoka County Prosecutor Lance Stevenson, Owyhee County Prosecutor Chrisopher Topmiller, Power County Prosecutor Brock Bischoff, Teton County Prosecutor Bailey Smith, Valley County Prosecutor Brian Naugle, and Washington County Prosecutor True Pearce.

individuals ("Individual Plaintiffs") and two organizations: the Idaho Organization of Resource Councils ("IORC") and the Alliance of Idaho (the "Alliance"). In their Complaint, Plaintiffs sought a TRO, preliminary injunction, and permanent injunction. *Id.* On the same day, this Court granted a fourteen-day TRO and extended the TRO after oral arguments on Plaintiffs' request for a preliminary injunction. Since then, the Court has preliminarily enjoined the challenged provisions. Dkt. 84.

On April 22, 2025, Plaintiffs filed an amended complaint, naming the remaining 31 Idaho County Prosecutors as defendants ("Defendants"). Thirty[2] of those 31 remaining county prosecutors hereby move to dismiss the case. Defendants filing the instant motion fully join in the motion to dismiss, Docket 86, filed by Original Defendants on May 6, 2025. The arguments in that motion to dismiss will not be repeated here, and this memorandum will only address Plaintiffs' standing against these 30 prosecutors.

## LEGAL STANDARD

Where the plaintiff lacks standing, the case should be dismissed under Rule 12(b)(1). *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1142 (9th Cir. 2024).

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a court may dismiss a complaint "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Cap. Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013).

---

[2] Note that there are 30 *county prosecutors* in their official capacities filing this motion to dismiss, but 29 individuals, as Trevor Misseldine is the county prosecuting attorney for both Gooding and Lincoln counties.

**ARGUMENT**

### I.  Plaintiffs Lack Standing Because They Cannot Demonstrate an Injury Fairly Traceable to Defendants' Conduct.

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Supreme Court "cases have established that the irreducible constitutional minimum of standing consists of three elements." *Id.* (citation omitted) (cleaned up). To establish standing, a party "must show that [1] she has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; [2] fairly traceable to the challenged action; and [3] redressable by a favorable ruling.'" *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

In pre-enforcement challenges, the Supreme Court has set out an additional three-prong test to show that an injury is likely. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161–64 (2014); *see also Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 487 (9th Cir. 2024). This test requires the plaintiff to allege that: (1) he intends "to engage in a course of conduct arguably affected with a constitutional interest"; (2) the intended future conduct is "arguably proscribed by the challenged statute"; and (3) "the threat of future enforcement is substantial." *Peace Ranch*, 93 F.4th at 487 (cleaned up). The *Driehaus* test incorporates the considerations outlined in *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (*en banc*). *Peace Ranch*, 93 F.4th at 487. *Thomas* requires courts to consider "[1] whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, [2] whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and [3] the history of past prosecution or enforcement under the challenged statute." 220 F.3d at 1139.

**A. Individual Plaintiffs Lack Standing Because They Have Not Alleged Facts Demonstrating That They Are Subject to Prosecutions Under the Entry Provision.**

Individual Plaintiffs appear to allege that they will be subject to prosecution under the challenged provisions by virtue of their illegal immigration status. Dkt. 1. But they have not alleged facts showing that they fall within the statute's ambit, and therefore fail to allege an injury.

As explained by Original Defendants, Individual Plaintiffs are not subject to prosecution under the Entry Provision. Dkt. 86 at 4–5. This is because an alien only violates the Entry Provision "if the person enters or attempts to enter this state at any location other than a lawful port of entry or through another manner of lawful entry." Idaho Code § 18-9003(1). That entry must also violate 8 U.S.C. § 1325(a), which does not penalize movement from one state to another. Idaho Code § 18-9003(4)(b). In other words, the provision applies only when (1) an alien crosses the Canadian border into the state of Idaho and does not do so at a port of entry or through another lawful manner, and (2) an alien enters the state of Idaho by aircraft directly from a foreign country and does not enter through a port of entry or through another lawful manner.

Here, none of Individual Plaintiffs have alleged that they have entered Idaho at the Canadian border or directly from a foreign country by aircraft. *See* Dkt. 1 at ¶¶ 25–29. They have only alleged that they are foreign nationals who entered the United States without inspection. *Id.* Plaintiffs have not met their "burden of alleging facts sufficient to" establish standing. *Schmier v. U.S. Ct. of Appeals for Ninth Cir.*, 279 F.3d 817, 821 (9th Cir. 2002).

Plaintiffs or the Court may disagree with this reading of the statute, but with the

enforcing parties agreeing that Individual Plaintiffs, based on the facts alleged in the Com-

plaint, are not subject to prosecution under the Entry Provision, there is no live controversy

involving these defendants. In *Idaho Federation of Teachers v. Labrador*, a group of teachers filed

suit asserting that a state statute violated the First Amendment and was unconstitutionally

vague. No. 1:23-CV-00353-DCN, 2024 WL 3276835, at *1 (D. Idaho July 2, 2024) (C.J. Nye).

Defendant Attorney General Labrador took the position that the plaintiffs were not subject

to prosecution under the challenged statute. *Id.* Although the court commented that it was

"not entirely convinced that the Idaho Attorney General's interpretation of the statute [was]

accurate," it found that the plaintiffs lacked standing because there was no live controversy.

*Id.* Accordingly, the court dismissed the case without addressing the merits. *Id.*

Here, the Attorney General, the 13 original defendant prosecutors, and the 30 prose-

cutors filing this motion have affirmatively taken the position that Individual Plaintiffs are not

subject to prosecution under the Entry Provision based on the alleged facts. And so, like the

court in *Idaho Federation of Teachers*, this Court should dismiss Individual Plaintiffs' claims re-

lated to the Entry Provision for lack of standing.

## B. Individual Plaintiffs Cannot Satisfy the Three-Prong *Driehaus* Test in Their Claims Involving the Entry or Reentry Provision.

*Driehaus* outlines a three-prong test that a plaintiff challenging a statute in a pre-enforce-

ment context must satisfy. *Driehaus*, 573 U.S. at 161–64*; Vitagliano v. Cnty. of Westchester*, 71

F.4th 130, 136 (2d Cir. 2023) (describing *Driehaus* as establishing a "three-prong test"). If a

plaintiff is unable to satisfy a single prong, a court cannot find standing. *Peace Ranch*, 93 F.4th

at 488–90 (noting that the challenger must meet each prong).

**1.** *Individual Plaintiffs have not met the first and second* **Driehaus** *prongs.*

For the reasons set forth in Original Defendants' Memorandum in Support of their Motion to Dismiss ("MTD Memorandum"), Plaintiffs fail to meet the first and second *Driehaus* prongs. Dkt. 86 at 6–12. This is because their course of conduct is not arguably affected with a constitutional interest and because they have not asserted that they are imminently likely to be investigated or detained for suspected commission of a crime under title 18 or title 37.

**2.** *Individual Plaintiffs have not shown a credible threat of enforcement.*

As explained in Original Defendants' motion to dismiss, Dkt. 86 at 6–12, under the challenged provisions, law enforcement officers do not have authority to enforce the ICE Act unless a person "is detained or investigated for suspected commission of an independent crime under title 18, Idaho Code, excluding this chapter, or under chapter 27, title 37, Idaho Code." Idaho Code § 18-9004(4); § 18-9003(3). Title 18 covers a multitude of independent crimes, and Chapter 27 of title 37 is the Uniform Controlled Substances Act. Thus, until an alien is detained or investigated for such a crime, the ICE Act is unenforceable and there is no live controversy. In order to have standing, under the third prong of the *Driehaus* factors, Plaintiffs must allege that they face a credible threat of enforcement of the challenged law. Further, as discussed above, as part of determining whether there is a credible threat of enforcement, *Thomas* requires the Court to consider, among other things, "whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings." 220 F.3d at 1139.

Plaintiffs have relied on *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1019 (9th Cir. 2013) for the proposition that an independent crime clause has no limiting effect on the threat of prosecution. Dkt. 40 at 4–5. But this misunderstands *Valle del Sol*.

In *Valle del Sol*, Arizona made it "unlawful for a person who is in violation of a criminal offense to" transport, conceal, or harbor an alien. *See* 732 F.3d at 1013. Under Arizona law, an "offense" was statutorily defined as:

> [C]onduct for which a sentence to a term of imprisonment or of a fine is provided by any law of the state in which it occurred or by any law, regulation or ordinance of a political subdivision of that state and, if the act occurred in a state other than this state, it would be so punishable under the laws, regulations or ordinances of this state or of a political subdivision of this state if the act had occurred in this state.

*Id.* at 1020 (quoting Ariz. Rev. Stat. § 13-105).

The Ninth Circuit held that the independent crime clause was "unintelligible" and "void for vagueness." *Id.* at 1019. The court also noted that because the clause included "a violation of *any* federal or state statute," it had no limiting effect on the threat of prosecution. *Id.* at 1016. Accordingly, the Ninth Circuit held that vague independent crime clauses capturing all federal and state statutes have no limiting effect on the threat of prosecution—it did not hold that all independent crime clauses have no limiting effect on the threat of prosecution.

Here, the independent crime clauses for the challenged provisions are not vague and are not nearly as broad as the clause in *Valle del Sol*. Unlike the clause in *Valle del Sol*, the clause at issue is not vague as evident from both the face of the statute and the fact that Plaintiffs have not argued that it is unconstitutionally vague. Moreover, the clause at issue does not cover every federal and state criminal statute—it is limited to crimes under Idaho Code Titles 18 and 37. And while those titles include many crimes, suggesting that they include every state

crime is a far cry. For these reasons, Individual Plaintiffs' reliance on *Valle del Sol* is misplaced and cannot serve as the basis for finding that the independent crime clause in connection with the challenged provision has no impact on the Court's standing analysis.

Additionally, and more importantly, as of the date the Complaint was filed, none of Individual Plaintiffs were detained or under investigation for an independent crime. "[S]tanding is determined by the facts that exist at the time the complaint is filed." *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001) (citation omitted), *as amended* (Aug. 15, 2001). "Post-filing events are not relevant to the standing inquiry." *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d 1158, 1169 (E.D. Cal. 2012).

As of the date the Complaint was filed, and as of the filing of this motion, none of Defendants are able to prosecute any of Individual Plaintiffs because there are no allegations in the Amended Complaint that any of Individual Plaintiffs were being investigated or detained for an independent crime by any law enforcement agency within the jurisdiction of any of Defendants' counties. Based on the facts alleged in the Complaint, as determined when the Complaint was filed, it was legally impossible for any of Defendants to enforce the law against any of Plaintiffs, and therefore Defendants cannot possibly have "threatened" to enforce the law against Plaintiffs. Rather, based on the facts alleged in the Amended Complaint, as determined when the Amended Complaint was filed, it was legally impossible for any of Defendants to enforce the law against any of Plaintiffs.

Consequently, the Court should dismiss Plaintiffs' claims.

### C.  Defendants Lack Any Connection to Plaintiffs.

Plaintiffs have recently named Idaho's remaining 31 County Prosecutors as defendants: the elected prosecutors in the counties of Adams, Bannock, Bear Lake, Benewah, Bingham, Boise, Bonner, Bonneville, Boundary, Butte, Camas, Caribou,  Clearwater, Custer, Elmore, Franklin, Fremont, Gem, Gooding, Idaho, Jefferson, Latah, Lewis, Lincoln, Madison, Minidoka,  Owyhee, Power, Teton, Valley, and Washington.[3] Yet Plaintiffs have not pleaded facts to show how any Defendant might cause Plaintiffs' injuries, or how relief ordered against any of these Defendants would redress those injuries.

Under the well-established standing test, a plaintiff must demonstrate that it has a "causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted) (cleaned up). The third element demands that "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (citation omitted) (cleaned up). These two requirements are "flip sides of the same coin." *F.D.A. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024) (citation omitted).

Individual Plaintiffs are residents of Twin Falls County (A.M.R and J.R.B.M.), Jerome County (L.M.C.), Cassia County (W.G.C.), and the State of Oregon (M.S.). Dkt. 1 at ¶¶ 25–29. They have not alleged facts suggesting that any act taken by one of Defendants will likely

---

[3] Prosecuting Attorneys are independent constitutional officers, provided for in Article V, section 18 of the Idaho Constitution. They are elected by voters in their respective counties. Their primary duties are to independently oversee prosecution of crimes committed within the boundaries of their respective counties and to provide legal services to county elected officials officers, and departments. *See* Idaho Code § 31-2604.

result in injury. And for that reason alone, Defendants should be dismissed from this lawsuit. This is precisely what another court in the Federal District of Idaho recently found.

In *Seyb v. Members of Idaho Board of Medicine*, a plaintiff-doctor filed suit against Idaho's 44 county prosecutors, arguing that Idaho's abortion laws were preempted by federal law. No. 1:24-CV-00244-BLW, 2025 WL 963957, at *1 (D. Idaho Mar. 31, 2025) (J. Winmill). The plaintiff-doctor alleged that he wished to provide abortions in Ada county but was unable to do so because of Idaho's abortion laws. *Id.* at *6. The court recognized that "all of the county prosecutors have the authority to enforce" Idaho's abortion laws but found that because the plaintiff-doctor only sought to perform abortion in Ada county, the plaintiff-doctor lacked standing to sue the other 43 county prosecutors. *Id.* Accordingly, the court dismissed all but the Ada county prosecutor.

Here, Plaintiffs have not alleged any facts suggesting any connection to Defendants. Individual Plaintiffs do not reside in Defendants' counties; the Alliance is not located in one of Defendants' counties; and IORC is not located in one of Defendants' counties. This Court, like the court in *Seyb*, should dismiss Defendants for lack of standing.

### D. The remaining Plaintiffs lack standing.

For the same reasons set forth in Original Defendants' motion to dismiss, Dkt. 86-1 at 12–14, the Alliance and the IORC also lack standing. For the sake of brevity, those arguments are hereby incorporated, and will not be repeated here.

### II. The Plaintiffs Have Failed to State a Claim and Their Request for Equitable Relief is Barred by the Unclean Hands Doctrine.

The Plaintiffs' claims should also be dismissed under the unclean hands doctrine and because they have failed to state a claim, for the same reasons set forth in Original Defendants'

motion to dismiss, Dkt. 86-1 at 15–20. Again, for the sake of brevity, those arguments are hereby incorporated and will not be repeated here.

CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss.

DATED: May 14, 2025

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


/s/ *James E. M. Craig*
JAMES E. M. CRAIG
Chief, Civil Litigation and
Constitutional Defense

*Attorney for Defendants*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on May 14, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Cody Wofsy* | Spencer Amdur* |
| cwofsy@aclu.com | samdur@aclu.org |
| | |
| Paul Carlos Southwick | Hannah Steinberg* |
| psouthwick@acluidaho.org | hsteinberg@aclu.org |
| | |
| Emily Myrei Croston | Oscar Sarabia Roman* |
| ecroston@acluidaho.org | osarabia@aclu.org |
| | |
| Grace Choi* | Omar Jadwat* |
| gchoi@aclu.org | ojadwat@aclu.org |
| | |
| *Attorneys for Plaintiffs* | *\* pro hac vice* |

/s/ *James E. M. Craig*
JAMES E. M. CRAIG