RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Lead Deputy Attorney General
GADER WREN, ISB #12108
Deputy Attorney General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov
gader.wren@ag.idaho.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO ORGANIZATION OF RESOURCE COUNCILS; THE ALLIANCE OF IDAHO; A.M.R.; L.M.C.; M.S.; W.G.C.; and J.R.B.M., <br><br> *Plaintiffs*, <br><br> v. <br><br> RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00178-AKB <br><br> **DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTIONS TO DISMISS [DKTs. 86, 90]** |

**INTRODUCTION**

Federal courts may only hear cases that present live controversies. This requirement is present at every stage of litigation. Today, this case presents no live controversy.

In this pre-enforcement challenge, Defendants, the only parties with the power to enforce the provisions of the ICE Act, have stated that Plaintiffs, based on their allegations, are not subject to prosecution under the ICE Act. In other words, Plaintiffs lack an injury and therefore lack standing. Consistent with previous decisions from the District of Idaho, this Court should dismiss Plaintiffs' claims for lack of standing.

**ARGUMENT**

Plaintiffs assert that Defendants have simply recycled their preliminary injunction arguments. Dkt. 92 at 3. But this is not so. While Defendants have certainly renewed some of their arguments for preservation purposes, Defendants have for the first time argued that Plaintiffs lack standing under *Idaho Federation of Teachers*. *See* Dkt. 90-1 at 4–5. Plaintiffs, however, relegate their argument on this point to a footnote. *See* Dkt. 92 at 6 n.5. And Defendants, including those who were not parties to the case at the time the motion for preliminary injunction was presented, argue for the first time that Plaintiffs lack standing against the majority of Defendants under *Seyb*, Dkt. 90-1 at 10, which Plaintiffs unpersuasively address, *see* Dkt. 92 at 8. For these reasons and others, this Court should grant Defendants' motions to dismiss.

I.   **Under *Idaho Federation of Teachers*, Plaintiffs Lack Standing.**

Plaintiffs relegate their argument on *Idaho Federation of Teachers v. Labrador*, No. 1:23-CV-00353-DCN, 2024 WL 3276835 (D. Idaho July 2, 2024) to a footnote. *See* Dkt. 92 at 6 n.5.

In that footnote, Plaintiffs assert that *Idaho Federation of Teachers* is clearly distinguishable because the Attorney General issued an opinion on the challenged provision, whereas here, he has not. *Id.* But because a footnote is not the right place for "substantive arguments," *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 935 n.1 (N.D. Cal. 2008), such arguments "are generally deemed waived." *Est. of Saunders v. Comm'r of Internal Revenue*, 745 F.3d 953, 962 n.8 (9th Cir. 2014).

Instead of addressing the substance of the argument related to the *Idaho Federation of Teachers* case, Plaintiffs assert that Defendants have erroneously interpreted the Illegal Entry Provision of the ICE Act as not criminalizing entries between states. Dkt. 92 at 5. They specifically argue that the plain text of the statute does not support Defendants' interpretation and imply that Defendants' interpretation wholly relies on Idaho Code § 18-9003's statutory header "ILLEGAL ENTRY FROM FOREIGN NATION." *Id.* at 5–6. Although Defendants' interpretation is based on the statute's plain language and is bolstered by the statutory heading, Defendants' interpretation, right or wrong, is fatal to Plaintiffs' standing.

In *Idaho Federation of Teachers*, a group of university professors challenged the constitutionality of Idaho's No Public Funds for Abortion Act ("NPFAA"). 2024 WL 3276835, at *2. NPFAA provided that public funds could not be used to provide or assist with abortion procedures in any way. *Id.* It also provided that "no person who receives public funds may use those funds to promote abortion." *Id.* (cleaned up). The professors filed suit and argued that the statute placed "impermissible restriction[s] on their academic speech." *Id.* After the professors filed their complaint, Attorney General Labrador issued an opinion letter stating

that "*academic* speech regarding abortion—even speech that [was] favorable to abortion—did not fall under the NPFAA and [would] not be prosecuted." *Id.*

Following the Attorney General's opinion, the Attorney General filed a motion to dismiss. *See generally id.* The court reasoned that although it was "not entirely convinced that the Idaho Attorney General's interpretation of the statute [was] accurate," because there was no threat of prosecution, given the Attorney General's opinion, there was no live controversy. *Id.* at *1. Accordingly, the court found that the professors lacked standing and dismissed the case. *Id.* at *1, *15.

This case is on all fours with *Idaho Federation of Teachers*. Defendants have affirmatively declared that Plaintiffs, based on the allegations contained in the Amended Complaint as they existed on the date the Amended Complaint was filed, are not subject to prosecution under the ICE Act. And like the court in *Idaho Federation of Teachers*, regardless of whether this Court agrees with Defendants' interpretation, the Defendants' "interpretation cannot be ignored." *Id.* at *1. Because if Defendants, the only parties with enforcement power under the ICE Act "will not prosecute" Plaintiffs for the facts alleged in the Amended Complaint, then "what would the Court rule on today?" *Id.*

Even if the Court considered Plaintiffs' footnoted argument that *Idaho Federation of Teachers* is distinguishable, that argument fails. Dkt. 92 at 6 n.5. While the Attorney General has not issued an opinion with respect to the ICE Act, because Defendants have represented that Plaintiffs are not subject to prosecutions, based on Plaintiffs' factual allegations, there is no live controversy. *See Idaho Federation of Teachers*, 2024 WL 3276835 at *12 (concluding that, given the Attorney General's interpretation of the statute as set forth in arguments before the

Court, the court "cannot find Plaintiffs have a substantial fear of harm under *Driehaus*" or that the "Defendants have communicated any warning or threat of prosecution" under *Thomas*, and the plaintiffs therefore lacked standing). There is no reason to depart from *Idaho Federation of Teachers*.

The Court should follow the holding of *Idaho Federation of Teachers* because it was correctly decided and predicated on binding Supreme Court and Ninth Circuit caselaw. Most persuasively, the court relied on *Clapper v. Amnesty Int'l USA* where the Supreme Court held that plaintiffs "cannot manufacture standing merely by inflicting harm on themselves *based on their fears of hypothetical future harm that is not certainly impending.*" 568 U.S. 398, 416 (2013) (emphasis added). This is precisely what Plaintiffs have done.

Only aliens who enter the State of Idaho directly from a foreign nation *and* are under investigation or being detained for an independent crime are subject to prosecution under the Entry Provision. And only aliens who "[have] been denied admission to or excluded, deported, or removed from the United States; or [have been] departed from the United States while an order of exclusion, deportation, or removal is outstanding," Idaho Code §§ 18-9004(a)–(b), *and* are under investigation or being detained for an independent crime are subject to prosecution under the Reentry Provision.

Against this backdrop, Plaintiffs have failed to allege sufficient facts demonstrating that there is a legitimate threat of prosecution. They have not alleged that they entered Idaho from a foreign nation nor have they alleged that they are under, or are imminently likely to be under investigation for an independent crime. Since "[t]he existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint," Plaintiffs' failure to allege that they

were, at the time the Complaint was filed, being investigated or were likely to be investigated for an independent crime means that none of the Defendants were, at the time the Amended Complaint was filed, able to threaten enforcement of the ICE Act against any of the Plaintiffs. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007). Accordingly, Plaintiffs' fears about hypothetical future harm, not certainly impending, are insufficient to confer standing.[1] *See Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 490 (9th Cir. 2024).

At bottom, this case presents no live controversy and this Court, in line with *Idaho Federation of Teachers*, should find that Plaintiffs lack standing to challenge the ICE Act and should grant Defendants' motion to dismiss.

## II. Under *Seyb*, a Majority of County Prosecutor Defendants Should be Dismissed for Lack of Standing.

Plaintiffs argue that *Seyb v. Members of Idaho Bd. of Med.*, is distinguishable because it did not deal with a provisional class. No. 1:24-CV-00244-BLW, 2025 WL 963957 (D. Idaho Mar. 31, 2025). Dkt. 92 at 8. Specifically, Plaintiffs argue that all County Prosecutor Defendants are proper parties because any class member "can be arrested [under the ICE Act] in any county that they pass through." *Id*. But this argument ignores basic standing principles. None of the Plaintiffs had standing to sue most, if not all, of the County Prosecutor Defendants when the Amended Complaint was filed.

Standing principles are well-settled. To have standing, a plaintiff must demonstrate injury, causation, and redressability. *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S.

---

[1] Furthermore, even if Plaintiffs did allege that they were under, or likely to be under, investigation at the time of filing, for the Illegal Entry provision, Plaintiffs would need to allege that they illegally entered Idaho directly from a foreign county sometime after the passage of the ICE Act. This is because the ICE Act does not apply retroactively.

367, 380 (2024). And standing must be established at the time the complaint is filed and throughout every stage of litigation. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) ("[W]e have an obligation to assure ourselves that [a party has] Article III standing at the outset of the litigation."); *Skaff*, 506 F.3d at 838. "Moreover, if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Finally, "standing is not dispensed in gross," and "plaintiffs must demonstrate standing for each claim that they press against each defendant, and for each form of relief that they seek." *Murthy v. Missouri*, 603 U.S. 43, 61 (2024) (internal quotations and citation omitted).

Thus, even for this purported class action case, there must be a named class representative with standing against each of the defendants, and where that does not exist, those defendants must be dismissed from the case.

In *Seyb*, the plaintiff-doctor argued that Idaho's abortion laws were unconstitutional and filed suit against each of Idaho's county prosecutors. 2025 WL 963957, at *2. The plaintiff-doctor only alleged that he sought to provide abortions in Ada County but was unable to do so because of Idaho's abortion laws. *Id.* at *6. Although "all of the county prosecutors [had] the authority to enforce" Idaho's abortion laws and none of them disavowed enforcement of those laws, the court focused its analysis on the causal link between the plaintiff-doctor's "injury—risk of prosecution—and the 43 county prosecutors." *Id.* The court reasoned that because the plaintiff-doctor only alleged a desire to practice abortions in Ada County, there was not a causal link between his injury and the non-Ada County prosecutors. *Id.* Accordingly,

the court found that the plaintiff-doctor only had standing against the Ada County prosecutor. *Id.*

Here, Plaintiffs have made no allegation linking their alleged injury—the threat of prosecution—to most of the County Prosecutor Defendants. Instead, the only Plaintiffs who have alleged that they might be prosecuted have only alleged that they are residents of, or based in, Twin Falls County (A.M.R and J.R.B.M.), Jerome County (L.M.C.), Cassia County (W.G.C.), and the State of Oregon (M.S.). Dkt. 47 ¶¶ 9, 19, 25–29. IORC, while based in Ada County, and the Alliance, based in Blaine County, are not subject to prosecution under the law. Plaintiffs have not made any allegation suggesting that they would be subject to the jurisdiction of any county prosecutor other than the county prosecutors over the counties where Plaintiffs reside. This is no different than the plaintiff-doctor in *Seyb* who only alleged that he sought to perform prohibited abortions in Ada County but filed suit against all of Idaho's county prosecutors. Like the court in *Seyb*, this Court should dismiss those County Prosecutor Defendants who Plaintiffs have failed to link to their alleged injury.

**III. The Unclean Hands Doctrine Bars Plaintiffs From Obtaining Equitable Relief.**

Plaintiffs argue that the Court should reject Defendants' unclean hands argument because Defendants have not shown that federal immigration violations relate to the equitable relationship between Plaintiffs and Defendants. Dkt. 92 at 9. But Plaintiffs misunderstand the application of the doctrine.

The unclean hands doctrine proscribes equitable relief when an individual's misconduct has "immediate and necessary relation to the equity that he seeks." *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933). It does not focus on the relationship between the

parties—only on the plaintiff's misconduct and the relief sought. *See id.* Here, the individual Plaintiffs have illegally entered the United States, are residing in the United States in violation of U.S. law, and now ask this Court for equitable relief related to that misconduct. The unclean hands doctrine bars such relief.

## IV. Plaintiffs' Claims Fail on the Merits.

Plaintiffs argue that immigration is field preempted. Dkt. 92 at 10. The Supreme Court and the Ninth Circuit have only held that two sub-fields of immigration are field preempted: "alien registration," *Arizona v. United States*, 567 U.S. 387, 401 (2012), and "alien harboring," *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1026 (9th Cir. 2013). The ICE Act does not regulate either of these sub-fields and is therefore not field preempted. The ICE Act is also not conflict preempted as it does not conflict with federal immigration law.

Plaintiffs assert that the ICE Act violates the Dormant Commerce Clause because it provides preferential treatment to state residents and because it impedes the movement of people between states. Dkt. 92 at 10–11. But the ICE Act makes no distinction between state residents and non-residents. Nor does it interfere with individuals' ability to move between states as it does not criminalize movement between states. Thus, it does not implicate the Dormant Commerce Clause.

Plaintiffs argue that the Illegal Entry Provision is void for vagueness because the plain language of the statute and statutory title conflict. Dkt. 92 at 11. But this is not so. Both the plain language of the statute and the statutory title make clear that an individual is only subject to prosecution under the Illegal Entry Provision if they enter Idaho directly from a foreign county. This is additionally confirmed by the affirmative defense provision that makes it clear

that it is not a crime if the defendant's conduct "does not constitute a violation of 8 U.S.C. 1325(a)." Idaho Code § 18-9003(4)(b). Accordingly, the statute is not vague and passes constitutional muster.

## CONCLUSION

For the foregoing reason, Defendants ask this Court to dismiss Plaintiffs' complaint, or in the alternative, dismiss those County Prosecutor Defendants who have no causal link to Plaintiffs' alleged injuries.

DATED: June 10, 2025

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

        /s/ *James E. M. Craig*
        JAMES E. M. CRAIG
        Chief, Civil Litigation and
        Constitutional Defense

        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on June 10, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Cody Wofsy* <br> cwofsy@aclu.com | Spencer Amdur* <br> samdur@aclu.org |
| Paul Carlos Southwick <br> psouthwick@acluidaho.org | Hannah Steinberg* <br> hsteinberg@aclu.org |
| Emily Myrei Croston <br> ecroston@acluidaho.org | Oscar Sarabia Roman* <br> osarabia@aclu.org |
| Grace Choi* <br> gchoi@aclu.org | Omar Jadwat* <br> ojadwat@aclu.org |
| *Attorneys for Plaintiffs* | *\* pro hac vice* |

/s/*James E. M. Craig*
JAMES E. M. CRAIG