RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Lead Deputy Attorney General
GADER WREN, ISB #12108
Deputy Attorney General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov
gader.wren@ag.idaho.gov

*Attorneys for Defendants[1]*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO ORGANIZATION OF RESOURCE COUNCILS; THE ALLIANCE OF IDAHO; A.M.R.; L.M.C.; M.S.; W.G.C.; and J.R.B.M., <br><br> *Plaintiffs*, <br><br> v. <br><br> RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho *et al.*, <br><br> *Defendants.* | Case No. 1:25-cv-00178-AKB <br><br> **DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 47]** |

---

[1] The Office of the Attorney General represents all Defendants except the Elmore County Prosecutor, who has yet to appear in this action.

## INTRODUCTION

Defendants, the Attorney General of Idaho and 43 County Prosecutors,[2] answer Plaintiffs' Amended Class Action Complaint for Declaratory and Injunctive Relief, Dkt. 47, as follows:

## GENERAL RESPONSE

Unless specifically admitted, Defendants deny each allegation, claim, and request for relief.

## SPECIFIC RESPONSE

With respect to the specific allegations, claims, and requests for relief contained in the numbered paragraphs of the Amended Complaint, Defendants respond as follows:

### "INTRODUCTION"[3]

1.  In response to paragraph 1, Defendants note that this paragraph contains Plaintiffs' point of view of the lawsuit they brought, such that no response is required. To the extent a response is required, Defendants note that House Bill 83 (2025) has been codified at Chapter 90, Title 18, of the Idaho Code, and Defendants deny that the law is unconstitutional.

2.  In response to paragraph 2, Defendants note that this paragraph contains Plaintiffs' point of view of the lawsuit they brought, such that no response is required. To the extent a response is required, Defendants note that House Bill 83 (2025) has been codified at Chapter 90, Title 18, of the Idaho Code, and Defendants deny that the law is unconstitutional.

---

[2] The operative complaint names as Defendants all of Idaho's 44 County Prosecutors. As noted above, the Office of the Attorney General does not represent the Elmore County Prosecutor, and this answer is not submitted on her behalf. The answer is made on behalf of the remaining 43 County Prosecutors.

[3] While Defendants use Plaintiffs' headings for ease of reference, such use does not mean that Defendants assent to the headings or any allegation expressed or implied within them.

3. In response to paragraph 3, Defendants note that this paragraph contains Plaintiffs' point of view of the lawsuit they brought, such that no response is required. To the extent a response is required, Defendants note that House Bill 83 (2025) has been codified at Chapter 90, Title 18, of the Idaho Code, and Defendants deny that the law is unconstitutional.

4. In response to paragraph 4, Defendants note that this paragraph contains Plaintiffs' point of view of the lawsuit they brought, such that no response is required. To the extent a response is required, Defendants note that House Bill 83 (2025) has been codified at Chapter 90, Title 18, of the Idaho Code, and Defendants deny that the law is unconstitutional.

5. In response to paragraph 5, Defendants note that this paragraph contains Plaintiffs' point of view of the lawsuit they brought, such that no response is required. To the extent a response is required, Defendants note that House Bill 83 (2025) has been codified at Chapter 90, Title 18, of the Idaho Code, and Defendants deny that the law is unconstitutional.

6. In response to paragraph 6, Defendants note that this paragraph contains Plaintiffs' point of view of the lawsuit they brought, such that no response is required. To the extent a response is required, Defendants note that House Bill 83 (2025) has been codified at Chapter 90, Title 18, of the Idaho Code, and Defendants deny that the law is unconstitutional.

### "JURISDICTION AND VENUE"

7. In response to paragraph 7, Defendants generally acknowledge that 28 U.S.C. § 1331 grants the Court subject matter jurisdiction over federal questions, but Defendants preserve their defenses, including sovereign and Eleventh Amendment immunity.

8. In response to paragraph 8, Defendants admit that the District of Idaho is the proper venue.

## "PARTIES"

**I.**     **"A. Plaintiffs"**

    9.    In response to paragraph 9, Defendants lack knowledge sufficient to answer this paragraph.

    10.    In response to paragraph 10, Defendants lack knowledge sufficient to answer this paragraph.

    11.    In response to paragraph 11, Defendants lack knowledge sufficient to answer this paragraph.

    12.    In response to paragraph 12, Defendants lack knowledge sufficient to answer this paragraph.

    13.    In response to paragraph 13, Defendants lack knowledge sufficient to answer this paragraph.

    14.    In response to paragraph 14, Defendants lack knowledge sufficient to answer this paragraph.

    15.    In response to paragraph 15, Defendants lack knowledge sufficient to answer this paragraph.

    16.    In response to paragraph 16, Defendants lack knowledge sufficient to answer this paragraph.

    17.    In response to paragraph 17, Defendants lack knowledge sufficient to answer this paragraph.

    18.    In response to paragraph 18, Defendants lack knowledge sufficient to answer this paragraph.

    19.    In response to paragraph 19, Defendants lack knowledge sufficient to answer this paragraph.

20. In response to paragraph 20, Defendants lack knowledge sufficient to answer this paragraph.

21. In response to paragraph 21, Defendants lack knowledge sufficient to answer this paragraph.

22. In response to paragraph 22, Defendants lack knowledge sufficient to answer this paragraph.

23. In response to paragraph 23, Defendants lack knowledge sufficient to answer this paragraph, except to note that House Bill 83 is constitutionally sound.

24. In response to paragraph 24, Defendants lack knowledge sufficient to answer this paragraph, except to note that House Bill 83 is constitutionally sound.

25. In response to paragraph 25, Defendants lack knowledge sufficient to answer this paragraph.

26. In response to paragraph 26, Defendants lack knowledge sufficient to answer this paragraph.

27. In response to paragraph 27, Defendants lack knowledge sufficient to answer this paragraph.

28. In response to paragraph 28, Defendants lack knowledge sufficient to answer this paragraph.

29. In response to paragraph 29, Defendants lack knowledge sufficient to answer this paragraph.

II. "B. Defendants"

30. In response to paragraph 30, Defendants admit only that the Raúl Labrador is the elected Attorney General of Idaho, and is sued in his official capacity, but deny the remainder of the paragraph.

31.     In response to paragraph 31, Defendants admit only that the listed county prosecutors are the county prosecutors of their respective counties,[4] and they are sued in their official capacities, but deny the remainder of the paragraph.

## "STATEMENT OF FACTS"

### III.    "C. Legal Background: Comprehensive Federal Immigration System"

32.     Defendants admit only that the Supreme Court of the United States has said, "Power to regulate immigration is unquestionably exclusively a federal power. [Citations omitted.] But the Court has never held that every state enactment which in any way deals with aliens is a regulation of immigration and thus per se pre-empted by this constitutional power, whether latent or exercised." *De Canas v. Bica*, 434 U.S. 351, 355–56 (1976).

33.     In response to paragraph 33, Defendants admit only that the Immigration and National Act, beginning at 8 U.S.C. §1101, has been enacted by the federal government.

34.     In response to paragraph 34, this paragraph contains Plaintiffs' view of the Immigration and National Act to which no response is required. To the extent a response is required, Defendants admit only that Congress has amended the Immigration and National Act since its enactment.

35.     In response to paragraph 35, this paragraph contains Plaintiffs' view of the Immigration and National Act to which no response is required. To the extent a response is required, Defendants admit only that Congress has specified how a person may lawfully enter the United States.

---

[4] Under Federal Rule of Civil Procedure 25(d), Ronnie J. Keller automatically substitutes in place of Adam McKenzie as the Bear Lake County Prosecutor.

36. In response to paragraph 36, Defendants lack knowledge sufficient to answer this paragraph.

37. In response to paragraph 37, this paragraph contains Plaintiffs' view of the Immigration and National Act to which no response is required. To the extent a response is required, Defendants admit only that 8 U.S.C. § 1325 addresses civil and criminal penalties for "[a]ny alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact." Regarding 8 U.S.C. § 1326, Defendants admit only that it addresses criminal penalties for "any alien who— (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act."

38. In response to paragraph 38, Defendants admit only that the Supreme Court of the United States has recognized that, "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1973).

IV. "D. H.B. 83"

39. In response to paragraph 39, Defendants admit that House Bill 83 took effect as of March 27, 2025 and note that the law currently appears in Chapter 90, Title 18, of the Idaho Code.

40. In response to paragraph 40, Defendants admit.

41. In response to paragraph 41, Defendants admit.

42. In response to paragraph 42, Defendants admit only that Idaho Code § 18-9003(3) and Idaho Code § 18-9004(4) each provide that "Law enforcement officers may enforce the provisions of this section only when a person is detained or investigated for suspected commission of an independent crime under title 18, Idaho Code, excluding this chapter, or under chapter 27, title 37, Idaho Code.

43. In response to paragraph 43, Defendants admit only that Idaho Code § 18-9003(1) provides, "A person who is an alien commits an offense if the person enters or attempts to enter this state at any location other than a lawful port of entry or through another manner of lawful entry."

44. In response to paragraph 44, Defendants admit only that Idaho Code § 18-9003(4) sets forth affirmative defense to prosecution under Idaho Code § 18-9003, and specifies "(a) The federal government has granted the defendant (i) Lawful presence in the United States; or (ii) Asylum under 8 U.S.C. 1158; (b) The defendant's conduct does not constitute a violation of 8 U.S.C. 1325(a); (c) The defendant was not investigated for, charged with, or convicted of committing the independent crime for which the defendant was detained or investigated pursuant to subsection (3) of this section; or (d) The defendant was approved for benefits under the federal deferred action for childhood arrivals program between June 15, 2012, and July 16, 2021."

45. In response to paragraph 45, Defendants deny, given that Idaho Code § 18-9003(1) only applies if "[a] person who is an alien commits an offense if the person enters or attempts to enter this state at any location other than a lawful port of entry or through another manner of lawful entry."

46. In response to paragraph 46, Defendants admit only that violations of Idaho Code § 18-9003 carry the respective possible sentences and fines, as set forth in paragraph 46.

47. In response to paragraph 47, Defendants admit only that Idaho Code § 18-9004 provides that "(1) A person who is an alien commits an offense if the person enters, attempts to enter, or is at any time found in this state after the person: (a) Has been denied admission to or excluded, deported, or removed from the United States; or (b) Has departed from the United States while an order of exclusion, deportation, or removal is outstanding."

48. In response to paragraph 48, Defendants admit only that Idaho Code § 18-9004(5) provides an affirmative defense to prosecution under Idaho Code § 18-9004 "that the defendant was not investigated for, charged with, or convicted of committing the independent crime for which the defendant was detained or investigated pursuant to subsection (4) of this section."

49. In response to paragraph 49, Defendants admit only that a violation of Idaho Code § 18-9004 "is generally a misdemeanor punishable by imprisonment in a county jail of up to 6 months or by a fine of up to $1,000, or both" but that the violation "shall be a felony if: (a) The defendant's removal was subsequent to a conviction for commission of two (2) or more misdemeanors involving drugs, crimes against a person, or both; (b) The defendant was excluded pursuant to 8 U.S.C. 1225(c) because the defendant was excludable under 8 U.S.C. 1182(a)(3)(B); (c) The defendant was removed pursuant to the provisions of 8 U.S.C. chapter 12, subchapter V; or (d) The defendant was removed pursuant to 8 U.S.C. 1231(a)(4)(B)." Defendants further admit that a felony is generally subject to imprisonment up to 5 years and/or a fine up to $5,000.

50. In response to paragraph 50, Defendants admit only that Idaho Code § 18-9003(6) and Idaho Code § 18-9004(6) provide that "a defendant shall not be eligible for deferred

adjudication or withheld judgment if the defendant is charged with or convicted of an offense pursuant to this section."

51.   In response to paragraph 51, Defendants deny that Idaho Code § 18-9005 so provides. Defendants admit only that Idaho Code § 18-9012 provides, "A court may not abate the prosecution of an offense pursuant to this chapter on the basis that a federal determination regarding the immigration status of the defendant is pending or will be initiated."

52.   In response to paragraph 52, Defendants lack knowledge sufficient to answer this paragraph. To the extent Plaintiffs are recounting statements made by an individual before a legislative committee hearing, such statements may be recorded as part of the Legislature's official proceedings.

53.   In response to paragraph 53, Defendants lack knowledge sufficient to answer this paragraph. To the extent Plaintiffs are recounting statements made by an individual before a legislative committee hearing, such statements may be recorded as part of the Legislature's official proceedings.

54.   In response to paragraph 54, Defendants admit only that the linked website contains what purports to be a press release, and that the paragraph appears to quote from it, but Defendants lack knowledge sufficient to address its authenticity.

55.   In response to paragraph 55, Defendants admit.

V.   **"E. The Effect of H.B. 83 on Plaintiffs"**

56.   In response to paragraph 56, Defendants deny.

57.   In response to paragraph 57, Defendants deny.

58.   In response to paragraph 58, Defendants deny.

59.   In response to paragraph 59, Defendants deny.

60.   In response to paragraph 60, Defendants deny.

61. In response to paragraph 61, Defendants admit that House Bill 83 was amended through a Senate amendment, which removed from Idaho Code § 18-9003(1) "directly from a foreign nation."

62. In response to paragraph 62, Defendants admit only that Idaho Code § 18-9003(1) provides, "A person who is an alien commits an offense if the person enters or attempts to enter this state at any location other than a lawful port of entry or through another manner of lawful entry."

63. In response to paragraph 63, Defendants admit only that Idaho Code § 18-9003 does not contain a definition section."

64. In response to paragraph 64, Defendants deny.

65. In response to paragraph 65, Defendants deny.

66. In response to paragraph 66, Defendants deny.

67. In response to paragraph 67, Defendants deny.

68. In response to paragraph 68, Defendants deny.

## "CLASS ACTION ALLEGATIONS"

69. In response to paragraph 69, this paragraph contains Plaintiffs' view on the lawsuit they have brought, which does not require a response. To the extent a response is required, this paragraph is denied.

70. In response to paragraph 70, this paragraph contains Plaintiffs' view on the lawsuit they have brought, which does not require a response. To the extent a response is required, this paragraph is denied.

71. In response to paragraph 71, this paragraph contains Plaintiffs' view on the lawsuit they have brought, which does not require a response. To the extent a response is required,

Defendants do not contest the numerosity of the two classes proposed in paragraph 70, but deny that the classes should be certified.

72. In response to paragraph 72, this paragraph contains Plaintiffs' view on the lawsuit they have brought, which does not require a response. To the extent a response is required, this paragraph is denied.

73. In response to paragraph 73, this paragraph contains Plaintiffs' view on the lawsuit they have brought, which does not require a response. To the extent a response is required, this paragraph is denied.

74. In response to paragraph 74, this paragraph contains Plaintiffs' view on the lawsuit they have brought, which does not require a response. To the extent a response is required, Defendants lack knowledge sufficient to address Plaintiffs' adequacy to represent the classes, but deny that the classes should be certified.

75. In response to paragraph 75, this paragraph contains Plaintiffs' view on the lawsuit they have brought, which does not require a response. To the extent a response is required, Defendants do not challenge the ability of class counsel to bring this suit.

76. In response to paragraph 76, this paragraph contains Plaintiffs' view on the lawsuit they have brought, which does not require a response. To the extent a response is required, this paragraph is denied.

### "HARM TO PLAINTIFFS"

77. In response to paragraph 77, Defendants lack knowledge sufficient to answer this paragraph.

78. In response to paragraph 78, Defendants lack knowledge sufficient to answer this paragraph.

79. In response to paragraph 79, Defendants lack knowledge sufficient to answer this paragraph.

80. In response to paragraph 80, Defendants lack knowledge sufficient to answer this paragraph.

81. In response to paragraph 81, Defendants lack knowledge sufficient to answer this paragraph.

82. In response to paragraph 82, Defendants lack knowledge sufficient to answer this paragraph.

83. In response to paragraph 83, Defendants lack knowledge sufficient to answer this paragraph.

84. In response to paragraph 84, Defendants lack knowledge sufficient to answer this paragraph.

85. In response to paragraph 85, Defendants lack knowledge sufficient to answer this paragraph.

## "CLAIMS FOR RELIEF"

### VI. "Count One: Preemption; Equity"

86. In response to paragraph 86, Defendants incorporate their responses to the paragraphs above.

87. In response to paragraph 87, Defendants admit.

88. In response to paragraph 88, Defendants deny that House Bill 83 violates the Supremacy Clause.

89. In response to paragraph 89, Defendants deny.

90. In response to paragraph 90, Defendants deny.

91. In response to paragraph 91, this paragraph contains Plaintiffs' view on the lawsuit they have brought, which does not require a response. To the extent a response is required, this paragraph is denied.

### VII. "Count Two: Commerce Clause; Equity; 42 U.S.C. § 1983"

92. In response to paragraph 92, Defendants incorporate their responses to the paragraphs above. Defendants further note that the Court dismissed this claim with prejudice, and therefore no response is required.

93. In response to paragraph 93, Defendants note that the Court dismissed this claim with prejudice, and therefore no response is required.

94. In response to paragraph 94, Defendants note that the Court dismissed this claim with prejudice, and therefore no response is required.

95. In response to paragraph 95, Defendants note that the Court dismissed this claim with prejudice, and therefore no response is required.

### VIII. "Count Three: Due Process Clause; Equity; 42 U.S.C. § 1983"

96. In response to paragraph 96, Defendants incorporate their responses to the paragraphs above.

97. In response to paragraph 97, Defendants admit.

98. In response to paragraph 99, Defendants deny.

99. In response to paragraph 99, Defendants deny.

100. In response to paragraph 100, Defendants deny.

101. In response to paragraph 101, Defendants deny.

102. In response to paragraph 102, Defendants deny.

103. In response to paragraph 103, Defendants deny.

104. In response to paragraph 104, Defendants deny.

105. In response to paragraph 105, this paragraph contains Plaintiffs' view on the lawsuit they have brought, which does not require a response. To the extent a response is required, this paragraph is denied.

### "PRAYER FOR RELIEF"

Defendants deny that Plaintiffs are entitled to any of the relief Plaintiffs request.

### DEFENDANTS' PRAYER FOR RELIEF

Defendants ask that the Court either dismiss the suit in favor of Defendants or grant judgment in favor of Defendants. Defendants further ask that the Court grant Defendants reasonable attorney fees under 42 U.S.C. § 1988, and grant other relief that the Court believes just.

### DEFENDANTS' AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Based on the facts asserted in the complaint, and based on the assertions in this answer, Defendants assert the following affirmative defenses and other defenses:

1. Defendants have sovereign, Eleventh Amendment, and/or structural immunity.

2. The Court lacks subject matter jurisdiction.

3. The complaint fails to state a claim for relief.

4. Plaintiffs lacked pre-enforcement standing upon the commencement of this lawsuit.

5. For the individual Plaintiffs, to the extent they are illegally present in the United States, they have caused their own harm, which they have failed to mitigate, and they seek to extend their illegal actions by remaining in the United States.

6. For the individual Plaintiffs, to the extent they are illegally present in the United States, they are before the Court with "unclean hands."

DATED: February 6, 2026

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

        /s/ *Brian V. Church*
        BRIAN V. CHURCH
        Lead Deputy Attorney General

        *Attorney for Defendants*[5]

---

[5] The Office of the Attorney General represents all Defendants except the Elmore County Prosecutor, who has yet to appear in this action.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on February 6, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Cody Wofsy* <br> cwofsy@aclu.com | Spencer Amdur* <br> samdur@aclu.org |
| Paul Carlos Southwick <br> psouthwick@acluidaho.org | Hannah Steinberg* <br> hsteinberg@aclu.org |
| Emily Myrei Croston <br> ecroston@acluidaho.org | Oscar Sarabia Roman* <br> osarabia@aclu.org |
| Grace Choi* <br> gchoi@aclu.org | Omar Jadwat* <br> ojadwat@aclu.org |
| *Attorneys for Plaintiffs* | *\* pro hac vice* |

/s/ *Brian V. Church*
BRIAN V. CHURCH